IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:20-cr-25-ECM |
| | ) | (WO) |
| MARCUS ANTONIO GRUBBS | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* motion for a reduction of sentence (doc. 62). Relying on the Presidential Proclamation[1] issued on October 6, 2022, Grubbs asserts that his prior marijuana convictions which were used to increase his sentence cannot be used to calculate his criminal history. (Doc. 62 at 1). The United States opposes the motion. (Doc. 64). For the following reasons, the Defendant's motion is due to be denied.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).

> The authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is

---

[1] On October 6, 2022, President Biden issued a Presidential Proclamation in which he pardoned "all current United States citizens and lawful permanent residents who committed the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. 844 and as previously codified elsewhere in the United States Code, or in violation of D.C. Code 48–904.01(d)(1), on or before the date of this proclamation." *See* https://www.whitehouse.gov/briefing-room/presidential-actions/2022/10/06/granting-pardon-for-the-offense-of-simple-possession-of-marijuana/ (last accessed on Jan. 17, 2023).

>at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the [U.S. Sentencing] Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*Id*. at 1195. None of those circumstances exists here.

First, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that he has exhausted his available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (iii) the advanced age of the defendant[2]; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons "[a]s determined by the Director of the Bureau of Prisons." The Defendant has failed to establish

---

[2] The Commentary suggests that to qualify under the age provision, the Defendant must be "at least 65 years old," his condition must be significantly deteriorating due to aging and he must have served at least 10 years or 75 percent of his sentence.

2

that he is entitled to a sentence reduction based on extraordinary and compelling reasons.

Next, the United States has not moved to reduce Defendant's pursuant to Rule 35, nor has Congress enacted a statute permitting a sentencing modification that affects the Defendant's sentence. The Defendant's guideline range has not been lowered by the U.S. Sentencing Commission, and the Defendant has not timely identified an "arithmetical, technical, or other clear error" in his sentence. Fed. R. Crim. P. 35(a). As a result, the Defendant fails to show that he is entitled to a modification of the judgment.

Although the Defendant argues that the Presidential Proclamation affects his sentence, the proclamation applies only to federal convictions for simple possession of marijuana. The Defendant attached to his motion evidence that demonstrates his marijuana convictions are state convictions and thus, the Presidential Proclamation is inapplicable to those convictions. In any event, when determining the Defendant's criminal history for the purposes of the sentencing guidelines, pardoned convictions "should be counted in the same way as they would be counted absent the pardon." *United States v. Shazier*, 179 F.3d 1317, 1319 (11th Cir. 1999); *see also* U.S.S.G. § 4A1.2(j), Commentary, App. Note 10 (sentences resulting from convictions set aside or pardoned are to be counted when computing criminal history).

While Grubbs asks the Court to review the 3553 factors, the sentencing court considered those factors and the governing law, and the Defendant fails to show that he is entitled to further review.

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion for a reduction of his sentence (doc. 62) is DENIED.

DONE this 18th day of January, 2023.

                                          /s/ Emily C. Marks
                                     EMILY C. MARKS
                                     CHIEF UNITED STATES DISTRICT JUDGE